Kreimer *v.* Second Federal Savings and Loan Association of Pittsburgh (et al., Appellant).

Argued November 16, 1961. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*James M. Arensberg,* with him *William J. Staley,* and *Patterson, Crawford, Arensberg & Dunn,* for appellant.

*Warren S. Reding,* with him *Reding, Blackstone & Sell,* for appellee.

Opinion by Flood, J., December 14, 1961:

This case involves the right of the appellant, a materialman to recover as a third party beneficiary under a contract for the construction of a home executed on January 22, 1957, by the bankrupt as contractor, Mr. and Mrs. Robert K. McKillop as owners, and the defendant Second Federal Savings and Loan Association. Under the contract the price was fixed at $10,900 and the association agreed in Article 9, that "funds or security in its possession in the total amount of (10,900) . . . shall be held by the Association and applied to the contract price above set forth, which sum shall be paid by the Association directly to those furnishing labor and for materials, as the case may be . . ."

A no-lien agreement, executed by the owners and the contractor, was filed of record on January 26, 1957. The house was satisfactorily completed in September 1957, and the owners are not parties to this proceeding. On November 17, 1957, the contractor was adjudicated a bankrupt and this suit was commenced by the trustee in bankruptcy to recover the balance in the hands of the defendant association. The appellant, Nevin Lumber Company, Inc., interpleaded as a plaintiff, claims $1378.59 remaining due it for building materials used in the construction of the dwelling from the funds in the hands of the savings and loan association. The parties have filed a stipulation of facts providing that any funds over and above those properly payable to the interpleader plaintiff are payable to the trustee in bankruptcy. There is no indication that anyone else is interested in the fund.

The court below held that the trustee in bankruptcy was entitled to the entire fund, relying upon Articles 1 and 5 of the contract. Article 1 provides that "The contractor shall and will provide all the materials and perform all the labor for the erection and completion of the building . . ." Article 5 stipulates that if the

contractor at any time fails properly to perform, "the Owner shall be at liberty to terminate the employment of the Contractor . . . and to employ any other person or persons to finish the work and provide the material therefor; and in case of such discontinuance of the employment of the Contractor, he shall not be entitled to receive any further payment under the contract until the said work shall be wholly finished, at which time if the unpaid balance of the amount to be paid under the contract shall exceed the expense incurred by the Owner in finishing the work such balance shall be paid by the Owner to the Contractor; but if such unpaid balance shall not equal such expense, then the Contractor shall pay the difference to the Owner . . ." The court reasoned that, in the light of these provisions, the phrase in Article 9 that the funds "shall be paid by the Association directly to those furnishing labor and for materials as the case may be" applies only to those who may be employed by the owner under Article 5 in the event that the contractor has failed properly to perform the work, and does not apply to subcontractors furnishing labor or materials to the original contractor. The court concluded that such a substitute contractor under Article 5 is the only third party beneficiary under the contract.

We do not agree with this interpretation of the contract. The language of Article 9 is clear that the savings and loan association shall pay the amounts due "directly to those furnishing labor and for materials as the case may be". While most of the payments made under the agreement were made to the contractor, at least one substantial payment, of almost half the amount due the appellant for the materials furnished by him, was made directly to the appellant by the association. Another materialman also was paid directly by the association.

The provision in Article 1 that the contractor shall furnish all materials and labor obviously does not mean that he shall do it without the intervention of subcontractors, any more than it means that he will perform all the labor with his own hands. The argument that Article 5 requires that the association shall pay no one but a substitute contractor in case the original contractor fails to do the work properly seems strained and is not persuasive. Under Article 9 of the contract and under the circumstances as they actually exist, the obligation of the savings and loan association to pay the amount claimed directly to the appellant is clear and we read nothing in Articles 1 or 5 which contradicts this obligation.

Article 9 does not provide that the sum *may* be paid by the association directly to those furnishing materials but that it *"shall* be paid . . . directly" to them (emphasis added). That the association so interpreted its own duty appears from its payment to Nevin Lumber Company, Inc., the interpleaded plaintiff, as well as to another materialman.

The interpretation adopted by the court below makes the language of Article 9 redundant in several respects. This article provides that the sum held by the association shall be "applied to the contract price above set forth". If all the money was to be paid directly to the contractor nothing further need have been said. However, the article goes on: "which sum shall be paid by the Association directly to those furnishing labor and for materials". The word "directly" is unnecessary or misleading if it was intended that the association should pay sums due the subcontractors only to the contractor, and not "directly" to the subcontractors furnishing labor and materials for the contractor's use in carrying out his contract. Moreover Article 9 provides that these payments shall be made to those "furnishing labor and for materials as the case may be".

There is no reason for the phrase "as the case may be" if the payment was to be made only to one person, the contractor, instead of to the various persons who furnished labor or materials.

The appellee argues that the language of the contracts in the Pennsylvania cases in which subcontractors were held to be third party beneficiaries was more explicit and detailed than that in the contract before us. Cf. *Commonwealth v. Great Indemnity Company*, 312 Pa. 183, 167 A. 793 (1933); *McClelland v. New Amsterdam Casualty Company*, 322 Pa. 429, 185 A. 198 (1936). However, this is no ground for denying recovery here, if the language is clear, even though it may not be so explicit or detailed as in those cases.

The appellee further contends that he is entitled to recover all of the funds in the hands of the association even if the appellant is held to be a third party beneficiary of the contract because of Section 70(c) of the Bankruptcy Act (Act of July 1, 1898, C. 541, §70, as amended, 11 U.S.C.A. §110(c)) which gives the trustee all the rights, remedies and powers of a creditor holding a lien by legal or equitable proceedings as to any property upon which a creditor of the bankrupt could have obtained such a lien at the date of bankruptcy. He argues that a creditor of the bankrupt who held a judgment and had attached the funds in the hand of the defendant association would take that fund to the exclusion of Nevin Lumber Co. This might be true if the money in the hands of the defendant were all due and owing to the bankrupt and Nevin's rights were only those of a general creditor of the contractor with no right to reach the fund except by way of assignment or attachment. As we have held above, this is not the situation. Nevin has a direct interest in the fund as a third party beneficiary under the contract, and the bankrupt's interest is restricted to what remains after Nevin is paid. It is only this excess which

an attaching creditor could reach, and only this excess is available to the trustee under Section 70(c) of the Bankruptcy Act, supra.

Appellee finally contends that, since his rights under Section 70(c) of the Bankruptcy Act are not dependent upon rights held by any existing creditor of the bankrupt, but are those of an imaginary "ideal" creditor of the bankrupt, the trustee can elect to be a third party beneficiary of the agreement who supplied materials on this job having a value in excess of the amount of the fund, and who obtained a judgment against the association, issued execution, and made a levy upon funds in the hands of the association on the date of the contractor's bankruptcy.

The difficulty with this argument is that the trustee deems himself vested, not only with the rights of an "ideal" creditor of the bankrupt, but also with the rights of an imaginary person having a claim against the fund which is adverse to the claim of the bankrupt. Appellee has cited no cases which give Section 70(c) of the Bankruptcy Act this effect, and we think such an interpretation would be an unwarranted extension of the act.

Judgment reversed.